IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE LEE SACKETT,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-51-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner Jesse Lee Sackett's application for writ of habeas corpus under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As

1

explained herein, Sackett's claims are not cognizable in federal habeas. The petition should be dismissed.

## I.     Procedural History

The Montana Supreme Court recently explained the background of Sackett's criminal proceedings in an order issued in his state habeas proceedings:[1]

> In November 1986, the State of Montana charged Sackett with deliberate homicide of his wife in Missoula County. Sackett entered a plea of guilty in February 1987. Thereafter, the Missoula County District Court sentenced him to MSP [Montana State Prison] for a fifty-year term with twenty years suspended and imposed a consecutive ten-year term for use of a dangerous weapon during the commission of the crime. The court awarded Sackett 183 days of credit for time served.
>
> On December 18, 2018, the District Court revoked his suspended sentence because it determined that Sackett violated his probationary conditions.
>
> The court sentenced Sackett to MSP for a twenty-year term with ten years suspended and awarded Sackett 254 days of credit against his sentence (hereinafter 2018 sentence upon revocation).
>
> In his petition, Sackett contends that he is owed 690 days of credit for time served. He explains that he was in prison for an additional 345 days from October 24, 2006 to October 1, 2007, and that MSP did not account for this time. Sackett states that he was arrested on October 24, 1986, and that his discharge date should have been October 24, 2006, not October 1, 2007, as MSP maintains. Sackett asserts that he

---

[1] Sackett previously filed a habeas petition with this Court challenging the purportedly unlawful transfer and restraint that occurred when he was transferred, pursuant to a 1997 Interstate Compact Agreement, from MSP to Dickens County Correctional Center in Spur, Texas. That matter was dismissed with prejudice as time-barred and procedurally defaulted. See, *Sackett v. Guyer*, Cause No. CV-19-04-M-DLC, Or. (D. Mont. March 11, 2019).

> is due 690 days because the 345 days should be doubled due to the application of good time credit. Section 53-30-105, MCA.
>
> Sackett fails to mention that he was in another state, pursuant to Montana's Interstate Compact, prior to his revocation. Available electronic records indicate that he was transferred to New Jersey for supervision in September 2007. On March 16, 2009, the Montana Department of Corrections received a Notice of Violation that Sackett allegedly absconded from supervision after receiving new charges in New Jersey. His New Jersey Probation Officer requested a warrant be issued. A petition to revoke was filed in the Missoula County District Court four days later.
>
> Sackett was still under the supervision of the Montana Department of Corrections because Sackett was serving his probationary term. Sections 46-23-1012, 46-23-115, and 46-18-203, MCA.

*Sackett v. Guyer*, OP 20-0133, 2020 WL 1482230, at *1 (Mont. Mar. 24, 2020).[2]

The Court held Sackett was not owed good time credit or additional credit for time served. The Court noted the good time credit statute was repealed in 1997, and, accordingly, Sackett was not entitled to credit for time following the statute's repeal. *Id*. The Court also noted that Sackett did not discharge his sentence in 2007 and that MSP properly accounted for the time served between 2006 and 2007. *Id*. Had Sackett not been found to have violated the terms of his probationary sentence, he would have discharged his custodial sentence in 2027, with the sentence to be followed by 20-years of supervision. Upon violation and

---

[2] Sackett has also attached a copy of this order to the materials filed with this Court. See, (Doc. 2-1 at 7-9.)

3

revocation, however, these calculations changed. *Id.* Sackett's petition was denied.

## II. Sackett's Claims

Sackett claims that the MSP records department has unlawfully denied him 345 days of credit he is due for the time he has served from October 24, 2006, to October 1, 2007, prior to the "discharge" of his sentence and that an additional 345 days should be added as "good time." (Doc. 1 at 4, ¶ 14(A)). Sackett further claims that the failure to credit his sentence accordingly constitutes violated the Ex Post Facto clause and offends notions of Equal Protection. *Id.* at 5, ¶ 14(B). Sackett asks this Court to grant him credit for time served in the amount of 690 days. *Id.* at 7, ¶ 17.

## III. Analysis

Federal habeas relief is available only for violations of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Generally, challenges to a state's application of its own sentencing laws are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (claim regarding a state's application of aggravating circumstances was not

4

cognizable because it concerned an error of state law). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis,* 506 U.S. 40, 50 (1992).

The gist of Sackett's argument is that the state incorrectly calculated his release date from MSP and extended the custodial portion of his sentence an extra 345 days- from October 24, 2006, to October 1, 2007. Sackett then argues, under state law in effect that the time his offense was committed, he should be entitled to day-to-day "good time credit" for these 345 days he served. By Sackett's calculation he is entitled to a net credit of 690 days against his overall sentence. But as the Montana Supreme Court determined, Sackett's original sentence and release date were properly calculated and he is not entitled to additional credit- for time actually served or for his "good time."

To the extent that Sackett asks this Court to review the interpretation and application of a purported state sentencing error, such error is not a cognizable ground for relief in a federal habeas corpus proceeding. See, *Bradshaw v. Richey*, 546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a

federal habeas court); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle,* 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law).

    Further, Sackett has not made a showing the purported error that occurred in his case is "so arbitrary or capricious as to constitute and independent due process violation." *Lewis*, 497 U.S. at 780. At most, Sackett has advanced what he believes to be an error of state law. Further, Sackett cannot convert this purely state law claim into a federal one simply by referencing Ex Post Facto and/or Equal Protection provisions. It is settled that a petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law…" *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); accord *Poland v. Stewart*, 169 F. 3d 573, 584 (9th Cir.

1999) ("A petitioner may not 'transform a state law issue into a federal one merely by asserting' " a federal constitutional violation (quoting *Langford v. Day,* 110 F.3d 1380, 1389 (1996)); *Little v. Crawford,* 449 F.3d 1075, 1083 n. 6 (9th Cir.2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.") While Sackett may disagree with the Montana Supreme Court's interpretation and application of state law, such disagreement is not cognizable in federal habeas and this Court cannot provide him relief. The petition should be dismissed.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Sackett's petition should be denied because he has failed to make a

substantial showing of a denial of his constitutional rights. Because Sackett's claims are not cognizable in federal habeas, jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Sackett's Petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed, by separate document, to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sackett may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Sackett must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of July, 2020.

/s/ Kathleen DeSoto
Kathleen L. DeSoto
United States Magistrate Judge