IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE LEE SACKETT,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　Respondents. | CV 20–51–M–DLC<br><br><br>ORDER |

　　　　Before the Court is the Findings & Recommendations of United States Magistrate Judge Kathleen L. DeSoto.  (Doc. 4.)  Judge DeSoto recommends that the Court dismiss Petitioner Jesse Lee Sackett's Petition for Writ of Habeas Corpus and deny a certificate of appealability.  (*Id.* at 8.)  Sackett has filed no objection to the Findings and Recommendations.

　　　　Absent objection, the Court reviews Judge DeSoto's Findings and Recommendations for clear error.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Sackett challenges Montana State Prison's ("MSP") failure to grant him credit for 345 days of time served based on its purported miscalculation of his custodial release date. (Doc. 1 at 4.) He goes on to argue that this time-served credit should be doubled, day-for-day, under a repealed Montana statute that provided a "good time allowance" for inmates employed in "prison work or activity." (*See id.* (citing Mont. Code Ann. § 53–30–105 (1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997)).) Sackett reasons that, pursuant to the "good time" statute, he should be entitled to 690 days of credit for time served. (Doc. 1 at 7.) At bottom, then, Sackett appeals to this Court to reexamine MSP's application and interpretation of Montana's sentencing laws.

Reviewing Judge DeSoto's Findings and Recommendations for clear error, the Court agrees that Sackett's Petition falls outside the scope of federal habeas review. The Supreme Court has "repeatedly held that a [state's] interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The calculus is unchanged by Sackett's attempt to extend the reach of federal habeas review by injecting ex post facto and equal protection questions into his Petition. Sackett's application simply asks the Court to reassess his credit for time served—and, as a consequence, his "good time" allowance for the period in question—based on MSP's purported miscalculation of his release date. (Doc. 1 at 4, 7.) In other words, the Court cannot reach the constitutional

questions Sackett proffers as it relates to the repealed "good time" statute without first deciding whether MSP appropriately calculated his time-served credit in the first place.

Furthermore, the Court agrees that a certificate of appealability should be denied. "Jurists of reason" could not "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Accordingly, IT IS ORDERED that the Court ADOPTS Judge DeSoto's Findings and Recommendations (Doc. 4) IN FULL. Consequently, IT IS ORDERED that:

(1) Sackett's Petition (Doc. 1) is DISMISSED.

(2) The Clerk of Court shall, by separate document, enter judgment of dismissal.

(3) A certificate of appealability is DENIED.

DATED this 12th day of August, 2020.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court